

FILED
AUG 6 – 2024
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY
UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK
### BUFFALO

| | |
|---|---|
| FEIN, SUCH & CRANE, LLP, <br> DAVID P. CASE, ESQ., <br> MARK K. BROYLES, ESQ., <br> CRAIG K. BEIDEMAN, ESQ., <br><br> Plaintiffs, <br><br> v. <br><br> SHANE CHRISTOPHER BUCZEK, <br><br> Defendant. | Case No.: 24 CV 737 <br><br> **NOTICE OF REMOVAL** <br><br> Removed from: <br><br> Supreme Court of the <br> State of New York, Erie County <br> Index No. 805292/2024 |

**TO:** The Hon. Clerk of the United States District Court for the Western District of New York:

**PLEASE TAKE NOTICE THAT** Defendant Shane Christopher Buczek, appearing pro se, hereby removes to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1331, 1441, 1446, and 1447. Pursuant to 28 U.S.C. § 1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on all parties at the addresses listed in Plaintiffs' state court complaint and are being filed in the Supreme Court of New York, Erie County. Removal is Proper Because This Court Has Jurisdiction Under 28 U.S.C. §§ 1331, and 1441 and is sufficient to support federal subject-matter jurisdiction where [federal law] of the rules and regulations.

## **INTRODUCTION**

1. On **June 17, 2024**, Plaintiffs FEIN, SUCH & CRANE, LLP, DAVID P. CASE, ESQ., MARK K. BROYLES, ESQ., and CRAIG K. BEIDEMAN, ESQ. (collectively, "Plaintiffs") filed the amended complaint (the "Complaint") in the Supreme Court of the State of New York, Erie County styled as *FEIN, SUCH & CRANE, LLP, DAVID P. CASE, ESQ., MARK K. BROYLES, ESQ., and CRAIG K. BEIDEMAN, ESQ. v. SHANE CHRISTOPHER BUCZEK Index No. 805292/2024* (the "State Court Action"). The State Court Action concerns collection of lost income in attorney's fees alleged to be in the amount of $56,509.00, and seeks damages form this Defendant for: (1) $56,509.00, plus (2) punitive damages in an undisclosed, and intentionally vague amount, plus (3) attorney's fees again for an undisclosed and intentionally vague amount, plus (4) costs in an undisclosed and intentionally vague amount, plus (5) interest in an undisclosed and intentionally vague amount, without describing the interest rate nor the interest amount nor how interest is to be calculated nor for what term, nor at what time the interest is alleged to begin accruing.

2. Since the firm and the Defendants are all attorneys employed by the firm Fein, Such & Crane, LLP, and because of the intentional vagueness of the damages sought by the Defendants as described in the State Court Action, it is abundantly clear that the actual compensation sought by the Defendants in the State Court Action is actually above $75,000.00. **(SEE: EXHIBIT A., "Amended Complaint" filed in State Court Action *FEIN, SUCH & CRANE, LLP, DAVID P. CASE, ESQ., MARK K. BROYLES, ESQ., and CRAIG K. BEIDEMAN, ESQ. v. SHANE CHRISTOPHER BUCZEK Index No. 805292/2024, attached.)*

3. Plaintiffs also allege that the Defendant "commenced State and Federal Court Actions with malice" yet never pursued their claims in federal court. Therefore, it is abundantly clear that the State Court Action brought by the Defendants could have been brought in federal court originally.

4. On **July 10, 2024**, Plaintiffs delivered the Amended Complaint to Defendant's address.

5. On **July 24, 2024**, this Defendant answered the Amended Complaint in the State Court.

6. This defendant **DENIED** and still **DENIES** all allegations in the Amended Complaint.

7. Defendant asserts that he is **improperly named** as a party in the Amended Complaint, with the exception of those facts necessary for removal of this action on the grounds of an actual amount of controversy existing above $75,000, and on the grounds of the State Court Action alleging and raising a federal issue and arising from federal court litigation, as admitted to and raised by the Plaintiffs in the Amended Complaint.

8. Pursuant to **Local Rule 81(a)(1),** a completed civil cover sheet is attached hereto. Pursuant to **Local Rule 81(a)(3),** and copies of the <u>Answer from the Defendant</u> filed in the State Court Action by Shane Christopher Buczek are attached hereto as **EXHIBIT B.**

## BASIS FOR REMOVAL

    I.    **Removal is Proper Because This Court Has Jurisdiction Under 28 U.S.C. §§ 1331, and 1441.**

9. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. See **28 U.S. Code § 1331**. The State Court Action is based upon federal issues raised in the Complaint itself by the Plaintiff's. Here, pursuant to the general federal question jurisdiction statute, See **28 U.S.C. § 1331**, this case and

the arguments raised by the Plaintiffs and the Amended Complaint itself are deemed to be "civil action arising under" federal law.

Accordingly, the federal Court has exclusive jurisdiction because the Amended Complaint was "brought to enforce any liability or duty created by [federal law] or the rules and regulations thereunder." ***Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning***, *136 S. Ct. 1562 (2016)*. Likewise, the Plaintiffs agreed to this standard by their own volition as evidenced throughout the Amended Complaint on its face.[1] Since such is here so, this Federal Court's jurisdiction over this case is undeniable, and the removal of the State Court Action to this Federal Court is proper under **28 U.S.C. § 1331**.

10. The Plaintiffs' Amended Complaint clearly raises and involves issues involving both state and **federal questions** on its face. Furthermore, 28 U.S. Code § 1441 provides in relevant part that: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11. Additionally, since Plaintiffs admit that the Amended Complaint involves both state and federal questions and issues, If a civil action includes—a claim arising under the Constitution, laws, or treaties of the United States, and a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made

---

[1] *Plaintiffs specifically raise federal questions in their Amended Complaint in paragraph 13 involving claims in the US Bankruptcy Court for the Western District of New York, and in paragraph 15 involving claims in the US District Court for the Western District of New York. (See: Complaint pages 2, 3)*

nonremovable by statute, *the entire action* may be removed to federal court if the action would be removable without the inclusion of the state claims. **See 28 U.S.C. § 1441(c)(1) & (2).** Since such is here so, this Federal Court's jurisdiction over this case is undeniable, and the removal of the State Court Action to this Federal Court is proper under 28 U.S.C. § 1441.

## II. This Defendant Has Satisfied the Procedural Requirements for Removal.

12. Plaintiff filed the Amended Complaint in the Supreme Court of the State of New York, Erie County on **June 17, 2024.** Plaintiff was served with the Complaint on July 10, 2024. Accordingly, this Notice of Removal is timely filed. **See 28 U.S.C. § 1446(b)(1)** ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

13. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to **28 U.S.C. § 1441(a).** The United States District Court for the Western District of New York embraces Erie County, New York. See **28 U.S.C. § 112(d).**

14. Additionally, Plaintiffs and Defendants are subject to personal jurisdiction in New York. As set forth above, all Plaintiffs are citizens of the State of New York. All Defendants conduct business and maintain offices in the State of New York.

15. No previous application has been made for the removal requested herein.

## III. Preservation of Rights and Defenses

16. All rights are reserved, including, but not limited to, defenses and objections as to venue

and personal jurisdiction and the right to move for dismissal of the Complaint for, e.g., failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections. Defendant also reserves the right to amend or supplement this Notice of Removal. **See Exhibit (C)** notice given to the New York State Supreme Court Index No. 805292/2024, attached as **Exhibit (C)**

**WHEREFORE**, Defendant Shane Christopher Buczek, appearing pro se, respectfully gives notice that the above-captioned civil action pending in the Supreme Court of the State of New York, Erie County is removed to this Court, pursuant to **28 U.S.C. §§ 1331, 1441, 1446, and 1447.**

Respectfully submitted this 2nd day of August 2024, I Shane Chirstopher Buczek, the Defendant appearing pro se, do hereby affirm that the foregoing is truthful and correct to the best of my knowledge and belief, under penalty of perjury.

*[signature]*
Shane Christopher Buczek, Defendant pro se
435 Creekside Drive
Suit 200 East
Amherst, New York 14228

## CERTIFICATE OF SERVICE

I, Shane Christopher Buczek the undersigned, hereby certify that on August 2nd, 2024 a true and correct copy of the foregoing **NOTICE OF REMOVAL from 805292/2024 - Erie County Supreme Court Short Caption: Fein, Such & Crane, LLP; David P. Case, Esq.; Mark K. Broyles, Esq.; Craig K. Beideman, Esq. v. Shane Christopher Buczek Case Type: Torts - Other (Anti-SLAPP)Case Status: Pre-RJI was sent by Fex Ex Tracking: Number** 777764994958  To: Clerk's Office 2nd Floor U.S. District Court for the Western District of New York 2 Niagara Square, Buffalo, New York 14202 and to be served electronically by filing the foregoing with the Clerk of the District Court in the United States District Court for the Western District of New York by using the CM/ECF System and by causing service of same to be placed in a postage pre-paid envelope in the first-class mail in a mailbox in the exclusive care and custody of the United States Postal Service addressed listed below:

Clerk's Office 2nd Floor
U.S. District Court
for the Western District of New York
2 Niagara Square,
Buffalo, New York 14202
Fed Ex: 777764994958

Joseph M. Shur
28 E Main St #1800,
Rochester, New York 14614

David P. Case
28 East Main Street, Suite 1800
Rochester, New York [14614]

Craig K. Beideman
28 East Main Street, Suite 1800
Rochester, New York [14614]

Mark K. Broyles, Esq
28 East Main Street, Suite 1800
Rochester, New York [14614]

Date August 2nd, 2024

By: _____
Shane-Christopher Buczek

# Joseph M. Shur
**585.756.5263 ext. 229**



After graduating from high school at 16, college at 20 and law school at 23, Joe Shur began his legal career at the Monroe County District Attorney's Office in Rochester, New York.
He was admitted to the New York State Bar on January 11, 1990 as an Assistant District Attorney. Joe quickly built a reputation as an aggressive prosecutor.
<u>In 1996 alone, he indicted more than 70 felony cases and secured convictions in 13 of 15 trials.</u>

In 1998, Joe came to work at Relin, Goldstein & Crane, LLP. He represents his clients in the litigation of commercial and retail collection matters throughout New York State. He also represents creditors in adversary proceedings in Bankruptcy Court.

Joe is a member of the Monroe County Bar Association, The Commercial Law League of America and The National Creditors Bar Association. AV Rated by Martindale Hubbell, Joe has been recognized as an outstanding lawyer by the Super Lawyers publication in the area of creditors' rights. Joe earned his BA at the University of Buffalo and JD at Western Michigan University, Thomas M. Cooley Law School. Joe is admitted to practice in the State of New York and in the state's Western, Southern and Northern Federal district courts.